UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>  Plaintiff,<br><br> v.<br><br>APPLE INC.,<br><br>  Defendant. | Case No. 3:17-cv-02398-DMS-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING APPLE'S RESPONSE TO QUALCOMM'S INTERROGATORY No. 2**<br><br>**[ECF No. 144]** |

Before the Court is the Joint Motion of the parties, filed on October 22, 2018, for determination of a discovery dispute regarding a single contention Interrogatory. (ECF No. 144). The parties refer to the disputed Interrogatory as No. 2 but provided the disputed Interrogatory and response under the heading "Interrogatory No. 1. (*Id.* at 11-12).[1] In summary, Qualcomm is asking Apple to identify all patent license agreements concerning any of the Apple Accused Functionalities that Apple contends are comparable to a license Apple would have taken in a

---

[1] The Court will refer to page numbers supplied by CM/ECF rather than original pagination throughout.

1          No. 17-cv-02398-DMS-MDD

hypothetical negotiation in this case including certain details regarding those comparable licenses. (*Id.*)

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

"An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). The court, however, "may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." *Id.* Contention interrogatories are premature if the propounding party

cannot present plausible grounds showing that early answers to contention questions will efficiently advance litigation, or if the defendant does not have adequate information to assert its position. *Gen-Probe v. Becton, Dickinson and Co.*, No. 09-cv-2319-BEN-NLS, 2010 WL 2011526 *1-2 (S.D. Cal. May 19, 2010). A contention interrogatory during the early stages of litigation is appropriate where the responses to the interrogatory would "contribute meaningfully" to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) providing a substantial basis for a motion under Rule 11 or Rule 56. *Id.* citing *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985).

## **DISCUSSION**

Whether a particular patent license is comparable to one that might be taken in a hypothetical negotiation is considered to be a matter of expert opinion. *See SPH Am., LLC v. Research in Motion, Ltd.,* No. 13-cv-2320-CAB-KSC, 2016 WL 6305414 *4 (S.D. Cal. Aug. 16, 2016); *Dataquill Ltd. v. High Tech Comp. Corp.*, No. 08-cv-0543-IEG-BGS, 2012 WL 1284381 *4 (S.D. Cal. Apr. 16, 2012). Contention interrogatories calling for expert opinion are improper. *See Finjan, Inc. v. ESET, LLC,* No. 17-cv-0183-CAB-BGS, 2018 WL 4772124 *4 (S.D. Cal. Oct. 3, 2018)(and cases cited therein).

Here, it is not early in the case. Discovery opened on March 8, 2018, and fact discovery will close on March 13, 2019. (ECF No. 98). Initial expert reports are due April 10, 2019, and expert discovery will close on June 5, 2019. (*Id.*). If Apple refused entirely to respond to this

Interrogatory it would be one thing, but that is not the case. Apple has identified certain relevant licenses and states that it will identify others as its investigation proceeds and third parties are given notice. (ECF No. 144 at 10). These licenses provide the factual information that is required in response to this contention interrogatory and Apple recognizes its obligation to supplement its responses as additional relevant documents are identified. That is sufficient at this time. Apple will not be required, in connection with this dispute, to provide the opinions of its experts regarding the comparability of these licenses to that which may be taken in the hypothetical negotiation.

## CONCLUSION

As presented in this Joint Motion, Qualcomm's motion to compel Apple to provide a further response to Interrogatory No. 2 is **DENIED. IT IS SO ORDERED.**

Dated: November 7, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge