David A. Nelson (pro hac vice)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700,
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
Randall E. Kay (SBN 149369)
rekay@jonesday.com
Kelly V. O'Donnell (SBN 257266)
kodonnell@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (844) 345-3178

*Attorneys for Plaintiff Qualcomm Incorporated*

*[Additional counsel identified on signature page]*

Juanita R. Brooks, SBN 75934,
brooks@fr.com
Jason W. Wolff, SBN 215819,
wolff@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone:  858-678-5070 / Fax: 858-678-5099

Ruffin B. Cordell, DC Bar No. 445801,
*admitted pro hac vice*, cordell@fr.com
Lauren A. Degnan, DC Bar No. 452421,
*admitted pro hac vice*, degnan@fr.com
Indranil Mukerji, DC Bar No. 974398,
*admitted pro hac vice*, mukerji@fr.com
Fish & Richardson P.C.
1000 Main Avenue, S.W.
Suite 1000
Washington, D.C. 20024
Phone:  202-783-5070 / Fax:  202-783-2331

*Attorneys for Defendant Apple Inc.*

*[Additional counsel identified on signature page]*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 3:17-CV-02398-DMS-MDD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING APPLE'S OBJECTIONS AND RESPONSES TO QUALCOMM'S 30(b)(6) DEPOSITION TOPICS**<br><br>Magistrate Judge: Hon. Mitchell D. Dembin |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2          Pursuant to the Court's Civil Pretrial Procedures regarding discovery

3   disputes, Qualcomm, Inc. ("Qualcomm") and Apple Inc. ("Apple") submit this

4   Memorandum of Points and Authorities in Support of Joint Motion for

5   Determination of Discovery Dispute concerning certain of Apple's Objections and

6   Responses to Qualcomm's Notice of 30(b)(6) Deposition, which Apple served on

7   March 7, 2019.

8   **I.      INTRODUCTION**

9                  1.      Qualcomm's Introduction

10          In response to Qualcomm's Notice of 30(b)(6) Deposition, Apple refused to

11  provide witnesses on most topics, all uniquely relevant to this case.  Qualcomm now

12  moves to compel testimony on a limited subset of those topics.  Apple's primary

13  basis for refusing to provide testimony is that Qualcomm purportedly either did or

14  could have obtained testimony on these subjects in the proceeding before the ITC

15  (ITC Inv. No. 337-TA-1093 ("1093 Investigation")).  Apple wrongly concludes that

16  Qualcomm is therefore not abiding by the terms of the cross-use stipulation between

17  this case and the 1093 Investigation because it seeks duplicative discovery on the

18  same topics, but that is not correct.  The topics at issue seek testimony on issues

19  uniquely relevant to district court litigation – including, in particular, the

20  determination of damages, a remedy not even available in the 1093 Investigation.

21  Therefore, Qualcomm could not have even sought the discovery it is seeking here in

22  the 1093 Investigation.  In any event, this is exactly the argument that Apple

23  advanced—and this Court rejected—in connection with Qualcomm's motion

24  regarding its 30(b)(6) Notices in Case No. 17-1375.  (See ECF No. 325 at 3 ("The

25

26

27

28

MEMORANDUM  ISO JOINT MOTION REGARDING QUALCOMM'S 30(b)(6) TOPICS

Court is unimpressed with the objection that testimony on this or other disputed topics may or may not have been given in the ITC action.").)[1]

### 2. Apple's Introduction

Qualcomm's motion seeks unduly burdensome discovery in violation of the parties' stipulation and regarding non-accused products that have no bearing on any party's claim or defense.  Recognizing that duplicative discovery in this case and the 1093 Investigation would be unnecessarily burdensome, the parties stipulated to cross-use of all depositions and—critically—required good cause to re-depose any witness on the same subject matter.  *See* Ex. 1 ("[W]itnesses deposed in this Investigation shall not be re-deposed in the S.D. Cal Action on the same subject matter absent a showing of good cause.").  Yet, Qualcomm now seeks to depose the same witnesses on nearly identical topics without any showing of good cause.[2] Qualcomm's claim that the Court rejected this argument in Case No. 17-1375 is incorrect.  There, the Court did not consider any stipulation or alleged good cause. Qualcomm also seeks here testimony on overbroad and irrelevant topics, such as about products that Qualcomm did not accuse in this case.

The mere existence of damages as a remedy in this case is not good cause justifying this undue burden.  To be sure, where Qualcomm has sought testimony on unique, relevant topics in this case—i.e., witnesses on Apple's relevant financial data, licensing practices and agreements, marketing/market research topics, and technical aspects of newly released Apple products with new technical areas for Qualcomm to explore—Apple has willingly complied.  In contrast, the topics on

---

[1]   Apple's argument that the instant motion is untimely is mistaken.  Indeed, in Case No. 17-1375 before this very same Court, governed by a Case Management Order with identical language (Dkt. 152), Apple filed a similar motion after the close of fact discovery that was denied on its merits. (Dkts. 384, 433.)  Qualcomm has not engaged in any delay, and it promptly served its draft joint motion on Apple just four days after receiving Apple's objections to Qualcomm's notice of deposition, after engaging in the meet and confer process.

[2] Although this motion concerns Rule 30(b)(6) topics, the same employees that possessed relevant knowledge and were best suited to testifying on topics in the 1093 Investigation also possess relevant knowledge and are best suited to testifying on topics in this case.

Case No. 3:17-CV-02398-DMS-MDD

MEMORANDUM  ISO JOINT MOTION REGARDING QUALCOMM'S 30(b)(6) TOPICS

1    which Qualcomm seeks to re-depose the same Apple witnesses encompass the very

2    same subjects at issue in the 1093 depositions, such as broad technical topics like

3    "power consumption," "battery life," and "the value and importance" of the accused

4    technologies.  Qualcomm noticed these same topics and took these depositions in

5    the 1093 Investigation, all the while knowing full well the parties' stipulation

6    required that the depositions be taken for both matters.  Given the near verbatim

7    duplication of deposition topics, nothing about Qualcomm's requested discovery is

8    "uniquely relevant to this case" or to damages as Qualcomm now asserts.

9          Qualcomm's motion necessarily seeks to impose an undue burden on Apple.

10   Providing testimony on duplicative and irrelevant deposition topics would require

11   Apple to prepare and present for deposition numerous engineers knowledgeable

12   about the technical aspects of Apple's products—i.e., witnesses Qualcomm deposed

13   previously—substantially distracting them from their ordinary responsibilities and

14   product development efforts.  The parties entered into their stipulation precisely to

15   avoid the unnecessary disruptions Qualcomm now demands.[3]

16   **II.   QUALCOMM'S 30(b)(6) DEPOSITION TOPICS**

17       **A.      Topics Regarding Apple's Use of the Asserted Patents in the
18               Accused Products and the Extent to Which Apple Benefited from
19               Such Use (Topic Nos. 1-2)**

20               1.          Qualcomm's Argument

21        Topics 1-2 seek testimony identifying the specific "receive ports" of the

22   transceivers in the Apple products, which would show how Apple made use of the

23   ────────────────

24   [3] Qualcomm's motion is also untimely, since the deadline for a party to file a joint discovery
     motion in this case was March 13, 2019.  *See* Dkt. 98 (setting deadline for completing fact

25   discovery, including "any motions and the resolution of any discovery disputes"); Civ. Chambers
     Rules MDD at 8 (requiring service of draft a "minimum of seven (7) business days prior to the

26   anticipated filing date").  Qualcomm served its draft on March 11, 2019, two days before the close
     of fact discovery.  Qualcomm offers no justification for its delay, despite that it was aware of

27   Apple's position by the parties' February 21 conference.  Qualcomm's reference to a motion in the
     -1375 case is inapposite since Qualcomm did not raise timeliness there, nor did the Court address

28   it.  That motion is also not comparable in that Apple sought limited financial information, unlike
     the broad discovery Qualcomm seeks here after the close of fact discovery.

asserted patents in the Accused Products and the extent to which Apple benefited from such use—all of which are relevant to determining damages.  Apple does not appear to oppose the relevancy of these topics.  Instead, Apple is refusing to provide this testimony on the basis that Qualcomm purportedly either did or could have obtained testimony on these subjects in the 1093 Investigation.  This is not true.

Apple failed to produce updated design specifications (and the RADARs identified therein) showing how the specific receive ports of the transceivers are configured as packaged in the Accused Products.[4]  This testimony is relevant to damages, as it relates to Apple's use of the asserted patents in the Accused Products and how Apple benefited from such use.  Moreover, these topics would not be duplicative of prior testimony because when Apple's corporate witnesses were asked about band/port assignments, they were unable to provide a full answer or identify the documents Apple produced as the final versions of the specifications. *See, e.g.,* Huber Dep. Tr. (5/8/2018) at 102:6-103:21.  Thus, Qualcomm did not and could not have obtained this testimony in the 1093 Investigation, and Qualcomm is entitled to seek corporate testimony on these two topics now.

2.     Apple's Argument

The Court should deny Qualcomm's motion because it would be unduly burdensome for Apple to designate, prepare, and provide again the same witnesses on topics already covered in the 1093 Investigation.  *Compare* Topics 1-2, *with* Exs. 2 & 3, Qualcomm ITC 1093 Corp. Dep. Nots. at Topics 1 ("structure, operation, and functionality of" accused products), 2 ("research, design, engineering, and development of" accused products), 51 (power consumption); 52, 68, 73 (technologies for reducing same); 53, 58, 66, 69, 74 (battery life analyses); 54, 59, 65, 70, 75, 80 (technologies' "value and importance"); 124 (accused product specifications and other documentation).  Qualcomm's complaints regarding the

---

[4]   This is subject to the parties' Joint Motion for Determination of Discovery Dispute Regarding Apple's Objections and Responses to Qualcomm's Discovery Requests.

Case No. 3:17-CV-02398-DMS-MDD
MEMORANDUM  ISO JOINT MOTION REGARDING QUALCOMM'S 30(b)(6) TOPICS

1   testimony it obtained in the 1093 Investigation are unfounded—Apple's witness

2   definitively explained that the port mapping information Qualcomm sought could be

3   obtained from both (1) the specification about which he was questioned "combined

4   with the block diagram" about which he was also questioned; and (2) a "tabular

5   version" for which he provided Qualcomm with a specific page number.  *See* Ex. 4,

6   Huber Dep. (5/8/2018) at 102:21-103:8.[5]  Thus, Apple requests the Court enforce

7   the parties' agreement, protecting Apple from unduly onerous depositions.

8        **B.        Topics Regarding Technical Information Related to Power**

9   **Savings and Depth-Based Image Enhancement (Topic Nos. 3-7)**

10            1.    Qualcomm's Argument

11        These narrowly-tailored topics seek testimony related to the benefits Apple

12   obtains from the patents at issue in this case, including power calculations and

13   specifications, clock reports, depth mapping, and depth-based image enhancement.

14   Apple does not appear to oppose the relevancy of these topics.  Instead, Apple is

15   again refusing to provide this testimony on the basis that Qualcomm purportedly

16   either did or could have obtained testimony on these subjects in the 1093

17   Investigation.  This, again, is not true.

18        These topics seek testimony on issues uniquely relevant to this case.  For

19   example, although Qualcomm had an opportunity to obtain testimony about

20   *infringement* in the 1093 Investigation, topics 3-7 specifically seek information

21   about the *benefits* of the inventions to Apple.  Given that patented Qualcomm

22   inventions in this case reduce power usage, this information is relevant to

23   determining damages, a remedy available in district court but not at the ITC.

24   Accordingly, Qualcomm did not and could not have sought this discovery in the

25   1093 Investigation because the benefits Apple obtains from the inventions were not

26

27   [5] Qualcomm's complaints regarding Apple's document production (which Apple disputes) appear
to relate to products subject to Qualcomm's pending motion for leave to amend its infringement

28   contentions to accuse new products.  Qualcomm's motion should thus be denied for the reasons
set forth in Apple's opposition thereto or be held in abeyance until that motion is decided.

5                    Case No. 3:17-CV-02398-DMS-MDD

MEMORANDUM  ISO JOINT MOTION REGARDING QUALCOMM'S 30(b)(6) TOPICS

relevant to whether or not Apple infringed the claims.  Finally, there are additional, newer products at issue in this case that individuals were not deposed on in the 1093 Investigation.  Whether they use the same processor is not dispositive of whether Qualcomm is entitled to this discovery, as Qualcomm seeks testimony related to the benefits of the inventions related to damages—which were not available before the ITC.  Qualcomm should be entitled to relevant corporate testimony on these narrow topics.[6]  Apple's assertion that Qualcomm does not dispute that these topics are duplicative of discovery taken in the 1093 Investigation is baldly false.

> 2.    Apple's Argument

The Court should deny Qualcomm's motion because it would be unduly burdensome for Apple to designate, prepare, and provide yet another witness on topics that were already covered in the 1093 Investigation.  *Compare* Topics 3-7, *with* Exs. 2 & 3, Qualcomm ITC 1093 Corporate Deposition Notice at Topics 1 ("structure, operation, and functionality of" accused products), 2 ("research, design, engineering, and development of" accused products), 3 ("manufacture, assembly, and testing of" accused products), 51 (power consumption by accused products); 52, 68, 73 (technologies for reducing power consumption); 53, 58, 66, 69, 74 (battery life analyses); 54, 59, 65, 70, 75, 80 ("value and importance" of accused technologies).[7]  Put simply, Qualcomm has already questioned Apple's witnesses about the alleged benefits of its patents.  *See, e.g.*, Ex. 5, Hess Tr. at 159:20-161:10, 166:3-175:14.  In addition, Qualcomm cannot reasonably contend the alleged benefits of the inventions claimed in its patents were not at issue in the 1093 Investigation, when Qualcomm's own experts opined at length about the alleged

---

[6]   Apple served similar topics on Qualcomm's practicing products, for which Qualcomm is offering witnesses.

[7] Qualcomm's position is also contradicted by its own refusal to offer witnesses on the same subject matter in response to Apple's Notice of Deposition as "duplicative of deposition topics in ITC investigation 337-TA-1093, which are subject to cross-use in this matter."  *See* Ex. 6, Qualcomm's Objs. to Apple Not. of Dep. at Topics 147, 149, 151, 154-56, 159.

Case No. 3:17-CV-02398-DMS-MDD

MEMORANDUM  ISO JOINT MOTION REGARDING QUALCOMM'S 30(b)(6) TOPICS

1  benefits of the inventions to Apple as compared to other alternatives.  *See*, *e.g.*, Ex.

2  7, Pedram Rep. at ¶¶ 78-80, 446, 454, 461, 470, 743-48, 751-53, 1100-1107.

3       Qualcomm fails to meaningfully distinguish this discovery from that which it

4  already obtained in the 1093 Investigation, yet Qualcomm makes no effort to

5  demonstrate the good cause the parties agreed is necessary to re-depose witnesses.

6  The fact that Qualcomm now desires to use this information for a different

7  purpose—*e.g.*, damages instead of secondary considerations of non-obviousness—is

8  of no moment.  Qualcomm already deposed Apple's witnesses on this subject matter

9  and agreed to use that testimony for both the 1093 Investigation and this case.

10  Thus, any supposed lack of information that Qualcomm now believes thinks it needs

11  to support its damages theory is a failure of Qualcomm's own making.

12       Finally, Qualcomm asserts "additional, newer products [are] at issue in this

13  case that individuals were not deposed on in the 1093 Investigation," but Qualcomm

14  does not identify any such products or any reason they would require repeat

15  depositions.  The latest-generation of accused products use the same processor

16  Qualcomm accused—and obtained discovery on—in the 1093 Investigation,

17  meaning any alleged technical benefits remain the same.

###     C.    Topic Regarding Valuation of Battery Life (Topic No. 48)

####         1.    Qualcomm's Argument

20       Qualcomm's topic on the performance, benefits, pricing, and profit of

21  Apple's Smart Battery Cases for the Accused Apple Products is relevant to

22  determining the value Apple and its customers place on battery life.  Patented

23  Qualcomm inventions in this case reduce power usage and improve battery life.

24  Battery life is important to Apple and its customers, and Apple sells battery cases

25  that can be attached to its iPhones to provide extended battery life

26  (https://www.apple.com/shop/iphone/iphone-accessories/cases-

27  protection?page=1#!&f=batterycase).  Information about the battery cases Apple

28  sells, including how much they increase battery life, and Apple's revenue and profit

associated with such cases, can be a relevant metric for assessing the value Apple and its customers place on extended battery life, and therefore the value of the benefits provided by the asserted patents.[8]  Given that damages was not a remedy available in the 1093 Investigation, this area of inquiry is uniquely relevant to this litigation.  Indeed, Apple does not claim that any of its witnesses were sufficiently deposed on this topic in prior cases.

Apple objects to providing corporate testimony on this topic, claiming that Topic No. 48 is "irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case."  However, this topic is specifically limited to the primary technological benefits (*e.g.*, enhanced battery performance) and financial considerations involved with Apple's Smart Battery Cases—issues that are directly relevant to damages in this case.  And Apple has not provided any explanation or evidence of the supposed undue burden Apple would face by producing a corporate witness to testify about this narrowly-tailored and highly relevant topic.  Thus, Qualcomm seeks this Court's assistance in obtaining the requested testimony.

2.    Apple's Argument

Qualcomm has never accused Apple smart battery cases of infringement, yet now—at the tail-end of fact discovery—it seeks a witness on the performance, benefits, pricing, and profit of these products.  In other words, Qualcomm seeks full-blown discovery (including technical, marketing, and financial information) on irrelevant products.  Qualcomm fails to justify the relevance or proportionality of its

---

[8]  Apple's objections are a veiled failed effort to relitigate a Daubert challenge Apple advanced, and lost, in a related patent infringement case between the parties.  Specifically, in a currently-pending patent infringement suit between Qualcomm and Apple, Qualcomm advanced a theory of damages related to  the power-saving benefits of certain asserted patents, and the financial value of those power savings.  Apple moved to exclude that methodology, and Judge Sabraw denied that motion, holding that the benefits of improved battery life can properly factor into the value of a reasonable royalty.  *See Qualcomm Inc. v. Apple Inc.*, Case No. 17-cv-1375-DMS-MDD, Order No. 538 (Public).  Apple cannot escape that ruling here by framing its *Daubert* complaints as a discovery objection.  This information is relevant to the reasonable royalty theories Qualcomm will advance – theories this Court has already ruled are proper for the jury's consideration – and Apple should produce this relevant, non-privileged information.

MEMORANDUM  ISO JOINT MOTION REGARDING QUALCOMM'S 30(b)(6) TOPICS

overbroad request—offering only that the information "can be a relevant metric for assessing the value Apple and its customers place on extended battery life." Qualcomm also ignores that Apple provided ample discovery concerning these very issues as to ***the accused products***.  Ex. 3, Qualcomm ITC 1093 Corp. Dep. Not. at Topics 44 (consumer surveys regarding battery life); 53, 58, 66, 69, 74 (battery life analyses); 54, 59, 65, 70, 75, 80 (technologies' "value and importance").  Even if the Court concludes these topics have any relevance, the very web site Qualcomm identifies provides the information Qualcomm claims to seek:  price and battery life of Apple's battery cases.  Thus, if Qualcomm intends to attach a dollar value to battery life provided in non-accused products, it does not need to burden Apple with an additional deposition to do so.  Qualcomm's requests thus lack relevance and are not proportional to the needs of the case.

### D.    Topic Regarding Battery Life Calculations for Accused Apple Products (Topic No. 78)

#### 1.    Qualcomm's Argument

This topic seeks testimony about how Apple calculates battery life for each Apple Accused Product.  As noted above, patented Qualcomm inventions in this case reduce power usage and improve battery life.  Therefore, information about how Apple calculates battery life is relevant to damages here.  Apple does not appear to oppose the relevancy of this topic.  Instead, Apple is refusing to produce a witness because this "topic is duplicative of at least Topic 124 in the [ITC] Investigation" and Qualcomm ***could have*** obtained testimony on this topic in that investigation.  But it is difficult to fathom how Topic No. 78 in this case could possibly be duplicative of Topic No. 124 in the ITC Investigation, particularly because Topic No. 124 seeks information about design documents, user guides, block diagrams, etc. that describe current versions of products being imported into the United States.  That topic is completely different than Topic No. 78 here.

MEMORANDUM  ISO JOINT MOTION REGARDING QUALCOMM'S 30(b)(6) TOPICS

Apple's argument is also based on its proposal to designate testimony provided in other related cases, including the testimony of Anand Shimpi in the 1375 matter. But Mr. Shimpi was not designated on this topic in 1375.  Nor was Mr. Shimpi knowledgeable enough about this topic to provide adequate testimony.  For example, when asked how familiar he was with how Apple estimates all day battery life, Mr. Shimpi testified that he could not articulate the process in depth because it is not something that happens in his group.  *See* Shimpi Dep. Tr. at 55:24-56:20.  He also admitted that he was not an expert in how Apple determines the all-day battery life metric.  *Id*.  Apple alleges Qualcomm's expert in 1375 could calculate power in that case.  But that involved a different patent, and more significantly, a different set of evidence,  In fact,when Qualcomm sought an agreement for cross-use that would have covered the documents in the 1375 case, Apple refused, forcing Qualcomm to file a pending motion to compel.  (*See* Dkt. 205.)  Thus, Apple has no good basis for resisting testimony on Topic No. 78 on the grounds of duplication or otherwise, and Qualcomm is entitled to corporate testimony on this topic.

2.     Apple's Argument

Qualcomm's assertion that battery life is relevant to damages does not justify duplicative, overly burdensome depositions on how Apple calculates its advertised battery life.  Qualcomm has taken numerous depositions on how the accused technology affects battery life. *See* Ex. 3 at Topics 51 ("Analyses, studies, tests, and simulations Apple conducted or reviewed to evaluate power consumption . . . ."), 53, 58, 66, 69, 74 (battery life analyses).  Qualcomm had its opportunity to link the accused technology to battery life, as Qualcomm cannot dispute.

Apple also provided ample discovery on battery life calculations/estimations in the 1375 case, including a witness—Anand Shimpi—on this very same subject matter.  Apple has offered to cross-designate his testimony here, as the parties have done in other instances to avoid duplicative discovery, but Qualcomm refuses, incorrectly asserting Mr. Shimpi was unprepared to testify on "all day battery life."

Case No. 3:17-CV-02398-DMS-MDD

MEMORANDUM  ISO JOINT MOTION REGARDING QUALCOMM'S 30(b)(6) TOPICS

Ex. 8, Shimpi Dep. at 56:11-20; *id.* at 54:2-11, 58:2-60:20, 62:18-63:10, 69:9-20, 71:19-72:6.  Qualcomm's request is thus duplicative and should be denied.

### III.   CONCLUSION

      1.    Qualcomm's Conclusion

Qualcomm respectfully requests that the Court order Apple to provide knowledgeable witnesses for deposition on each of the topics discussed *supra*.

      2.    Apple's Conclusion

Apple respectfully requests that the Court deny Qualcomm's motion.

Dated:  March 21, 2019               Respectfully submitted,

By: */s/ Zachariah Summers*
      Zachariah Summers

**JONES DAY**
Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
Randall E. Kay (SBN 149369)
rekay@jonesday.com
John D. Kinton (SBN 203250)
jkinton@jonesday.com
Kelly V. O'Donnell (SBN 257266)
kodonnell@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

11

Case No. 3:17-CV-02398-DMS-MDD

MEMORANDUM  ISO JOINT MOTION REGARDING QUALCOMM'S 30(b)(6) TOPICS

1

Scott L. Watson (SBN 219147)
scottwatson@quinnemanuel.com
Yury Kapgan (SBN 218366)
yurykapgan@quinnemanuel.com
Zachariah Summers (SBN 255384)
zachsummers@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

2

3

4

5

6

7

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Michael D. Powell (SBN 202850)
mikepowell@quinnemanuel.com
Michelle Ann Clark (SBN 243777)
michelleclark@quinnemanuel.com
Andrew M. Holmes (SBN 260475)
drewholmes@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

8

9

10

11

12

13

14

15

16

Dated:  March 21, 2019            Respectfully submitted,

17

By: */s/ Noah Graubart*

18

Juanita R. Brooks, SBN 75934
brooks@fr.com
Jason W. Wolff, SBN 215819
wolff@fr.com
Seth M. Sproul, SBN 217711,
sproul@fr.com
Michael A. Amon, SBN 226221,
amon@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone:  858-678-5070 / Fax:  858-678-5099

19

20

21

22

23

24

Ruffin B. Cordell, DC Bar No. 445801
*Admitted pro hac vice*, cordell@fr.com
Lauren A. Degnan, DC Bar No. 452421
*Admitted pro hac vice*, degnan@fr.com
Indranil Mukerji, DC Bar No. 974398
*Admitted pro hac vice*, mukerji@fr.com
Brian Livedalen, DC Bar No. 1002699
*Admitted pro hac vice,* livedalen@fr.com
Fish & Richardson P.C.

25

26

27

28

12

Case No. 3:17-CV-02398-DMS-MDD

MEMORANDUM  ISO JOINT MOTION REGARDING QUALCOMM'S 30(b)(6) TOPICS

1000 Main Avenue, S.W.
Washington, D.C. 20024
Phone:  202-783-5070 / Fax:  202-783-2331

Betty H. Chen, SBN 290588
bchen@fr.com
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Phone:  650-893-5070/ Fax:  650-893-5071

Benjamin C. Elacqua, TX Bar No. 24055443
*Admitted pro hac vice,* elacqua@fr.com
Fish & Richardson P.C.
1221 McKinney Street, Suite 2800
Houston, TX  77010
Phone:  713-654-5300 / Fax:  713-652-0109

Whitney Reichel, MA Bar No. 663599
*Admitted pro hac vice,* wreichel@fr.com
Chet Campbell, MA Bar No. 688190
*Admitted pro hac vice,* cycampbell@fr.com
Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02210
Phone: 617-542-5070 / Fax: 617-542-8906

Jacqueline Tio, GA Bar No. 940367
*Admitted pro hac vice,* tio@fr.com
Noah Graubart, GA Bar No. 141862
*Admitted pro hac vice,* graubart@fr.com
Fish & Richardson P.C.
1180 Peachtree Street N.E., 21st floor
Atlanta, GA 30309
Phone:  404-892-5005/ Fax:  404-892-5002

Mark D. Selwyn, SBN 244180,
mark.selwyn@wilmerhale.com
Wilmer Cutler Pickering Hale and
Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304
Phone: 650-858-6000 / Fax: 650-858-6100

William F. Lee, MA Bar No. 291960
appearing *pro hac vice,*
william.lee@wilmerhale.com
Joseph J. Mueller, MA Bar No. 647567
appearing *pro hac vice,*
joseph.mueller@wilmerhale.com
Wilmer Cutler Pickering Hale and
Dorr LLP
60 State Street
Boston, MA 02109
Phone: 617-526-6000 / Fax: 617-526-5000

13                          Case No. 3:17-CV-02398-DMS-MDD
MEMORANDUM  ISO JOINT MOTION REGARDING QUALCOMM'S 30(b)(6) TOPICS

Nina S. Tallon, DC Bar No. 479481
appearing *pro hac vice*,
nina.tallon@wilmerhale.com
Gregory H. Lantier, DC bar No. 492043
appearing *pro hac vice*
gregory.lantier@wilmerhale.com
Wilmer Cutler Pickering Hale and
Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Phone: 202-663-6000 / Fax: 202-663-6363

Patrick M. Lafferty, DC Bar No. 1011295
appearing *pro hac vice*)
plafferty@bsfllp.com
Boies Schiller Flexner LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Phone: 202-237-2727 / Fax: 202-237-6131

***Attorneys for Defendant Apple Inc.***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system pursuant to Local Rule 5.4(d).


Dated:  March 21, 2019                    */s/ Zachariah Summers*

15

MEMORANDUM  ISO JOINT MOTION REGARDING QUALCOMM'S 30(b)(6) TOPICS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILER'S ATTESTATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative
Policies and Procedures of the United States District Court of the Southern District
of California, I certify that authorization for the filing of this document has been
obtained from the other signatory shown above and that said signatory has
authorized placement of his/her electronic signature on this document.


Dated:  March 21, 2019                    */s/ Zachariah Summers*

MEMORANDUM  ISO JOINT MOTION REGARDING QUALCOMM'S 30(b)(6) TOPICS